U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 2 2005

ROBERT H. ___ CLERK
BY_____
   DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **MARK BLACKMAN** | **CIVIL ACTION NO. 05-1160** |
| **VS.** | **JUDGE DOHERTY** |
| **GLOBAL INDUSTRIES OFFSHORE, LLC** | **MAGISTRATE JUDGE METHVIN** |

## ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is a Motion for Appointment of Counsel filed by plaintiff Mark Blackman on September 9, 2005.[1]

The plaintiff seeks appointment of counsel in connection with this Title VII employment discrimination suit under the provisions of 42 U.S.C. §2000e-5(f)(1). This provision states:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A Title VII plaintiff has no absolute right to an appointed counsel. Salmon v. Corpus Christi I.S.D., 911 F.2d 1165, 1166 (5th Cir. 1990). The decision of whether to provide counsel lies solely within the discretion of the court. Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990), citing, Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir.1977). The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases. Caston v. Sears, Roebuck & Co., 556 F.2d at 1309-10. The factors are: (1) the effort taken by the complainant to obtain counsel on his or her own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination. See also Neal v. IAM Local Lodge 2386, 722 F.2d 247, 250 (5th Cir.1984).

---

[1] Rec. Doc. 24.

The plaintiff has satisfied the first two factors: he has documented his efforts to obtain counsel on his own, and has provided adequate evidence that he is unable to retain counsel.

With respect to the merits of plaintiff's claim, the court must consider the determination of the EEOC, if any. While an unfavorable determination must be considered, it should not be given preclusive effect. An adverse EEOC determination may "weigh heavily in the scales against appointing an attorney" only when the court finds "the EEOC determination is supported by substantial evidence in the investigative file and that the plaintiff's objections thereto are patently frivolous." Caston, 556 F.2d at 1309. See also Neal, 722 F.2d 250.

The EEOC conducted an investigation in this case and was unable to conclude that a statutory violation had occurred. In Neal, the EEOC reached the same conclusion. The magistrate judge in that case denied plaintiff's request for an attorney, weighing the EEOC's conclusion. The Fifth Circuit reversed and remanded, stating that the magistrate judge had failed to assess the validity of the EEOC's determination, but rather had relied upon the bare allegations in the complaint. Neal at 249.

In the case at bar, the EEOC's file is not in the record and a review of the validity of the EEOC investigation is not possible. The Fifth Circuit has acknowledged the propriety of a magistrate judge's review of the EEOC investigative file for the purpose of evaluating the merit of a Title VII claim. Neal, 722 F.2d at 250. The EEOC office which handled plaintiff's case is located in New Orleans. The EEOC's website advises that, considering the effects of Hurricane Katrina, "Business operations in the New Orleans District Office have been suspended until further notice."[2] Accordingly, the undersigned cannot obtain a copy of the EEOC's investigative

---

[2] http://www.eeoc.gov/
egg T:\Mimi-CGG\051160 Blackman eeoc.ord.wpd9/15/05

file at this time. Thus, a ruling on the pending motion is deferred for sixty days, to afford the EEOC an opportunity to resume operations.

**IT IS THEREFORE ORDERED** that the Clerk shall notice the Motion for Appointment of Counsel on the undersigned's November calendar, without oral argument.

**IT IS FURTHER ORDERED** that, once operations at the EEOC's New Orleans office resume, the EEOC shall file a copy of its investigative file regarding Arthur Eugene Mason, Sr., charge No. 270-A2-00611, into the record.

**IT IS FURTHER ORDERED** that, upon receipt of the EEOC file, the Clerk shall mail a copy of the file to plaintiff. Plaintiff may respond to the information contained in the EEOC file within ten days from his receipt of the file. Plaintiff's response should point to any inaccuracies in the EEOC file, and should include any arguments in support of his claims against defendants.

**IT IS FURTHER ORDERED** that after mailing plaintiff's copy of the EEOC file, the clerk shall place the EEOC file under seal.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the EEOC, 1801 L Street, 7th Floor, Office of General Counsel, Washington, D.C., 20507, Attention Ronald Arrington, Assistant General Counsel.

Signed at Lafayette, Louisiana on this 16th day of September, 2005.

COPY SENT:
DATE: 9-16 '05
BY: ce
TO: mem
EEOC

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140-phone  (337) 593-5155-Fax

cgg T:\Mimi-CGG\051160.Blackman.eeoc.ord.wpd 9/15/05